1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

LITTLE GENIE PRODUCTIONS
LLC, a Washington limited liability
corporation,

Plaintiff,

13

14

v.

15

16

17

PHSI INC., an Arizona corporation
dba PHS INTERNATIONAL, and
JAMES H. HORNE and JANE DOE
HORNE, individually and their
marital community

18

Defendants.

Civil Action No. 2:12-cv-00357-RSM

ORDER ON MOTION FOR
DEFAULT JUDGMENT

19

20

21

22

23

24

THIS MATTER comes before the Court on Plaintiff's Motion for Default Judgment. Dkt. # 21. On September 9, 2013, the Court issued an Order setting an evidentiary hearing on the instant Motion (Dkt. # 22), which has been continued on successive occasions due to the unavailability and illness of Plaintiff's counsel. The hearing took place on May 13, 2014, at which time the Court ordered counsel for Plaintiff to file supplemental briefing in support of Plaintiff's damages and request for relief and to provide documentation supporting its request for attorney's fees. Having considered Plaintiff's briefing, arguments before the Court, and the

ORDER GRANTING DEFAULT JUDGMENT - 1

1  remainder of the record, and for the reasons stated herein, the Court grants Plaintiff's Motion for

2  Default Judgment in part as follows.

3  **Factual and Procedural Background**

4  The instant matter arises out of alleged infringement of the intellectual property rights of

5  Plaintiff Little Genie Productions LLC ("Little Genie") to its romance board game, "Passion

6  Throw," by Defendants PHSI, Inc. ("PHSI") and its president James Horne ("Horne"). Plaintiff

7  seeks a default judgment of $104,269 in actual damages for copyright infringement of Passion

   Throw by PHSI, together with post-judgment interest, injunctive relief, and attorney's fees. *See*

8  Dkt. ## 22, 29.

9  For over a decade, Little Genie has designed, produced, and sold "Passion Throw," as its

   sole owner of copyright, trademark, and trade dress rights. Dkt. # 1 ("Compl."), ¶¶ 8-9. Little

10 Genie registered its copyright to Passion Throw (Registration No. VA 1-776-386) with the

11 United States Copyright Office on June 3, 2011. *See id.* at ¶ 9. PHSI is Little Genie's competitor

   and a former customer, having procured Little Genie products for resale in 2005. Dkt. # 21, Ex.

12 1, ¶ 4.  In early 2011, Little Genie discovered that PHSI was marketing and selling a nearly

13 identical romance board game under its "Heart 2 Heart" line, using the names "Heart 2 Heart

14 Game" and "Playground Game." *Id.* at ¶ 5; Dkt. # 21, Ex 2. On three occasions in 2011, Little

15 Genie directed correspondence to PHSI and Horne, demanding that they cease and desist their

   infringing activities. Dkt.  # 21, Ex. 1, ¶ 5. Defendants allegedly ignored these demands,

16 continuing to buy and sell the infringing game. *Id.* at ¶ 8.

17 On March 1, 2012, Little Genie filed the instant complaint against Defendants PHSI and

18 Horne, alleging copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq, unfair

   competition under the Lanham Act, 15 U.S.C. § 1151, and unfair competition under Washington

19 common law. The complaint asserts that Defendants "deliberately and willfully infringed Little

20 Genie's intellectual property rights" by copying Passion Throw and by "marketing and selling a

21 virtually identical replica nationally and internationally under PHSI's 'Heart 2 Heart' line."

   Compl. at ¶ 10. Little Genie asserts that Defendants were aware of Passion Throw and have

22 continued to sell their infringing game after receiving notice of infringement. *Id.* at ¶ 13.

23 Although Defendant Horne has successfully evaded service, summons and complaint

24 were served on PHSI on March 12, 2012. PHSI failed to answer, and default was entered against

ORDER GRANTING DEFAULT JUDGMENT  - 2

1    it on April 20, 2012. Dkt. # 7. Plaintiff filed the instant Motion for Default Judgment against
2    PHSI over a year later, on July 3, 2013. Dkt. # 21. Little Genie originally sought an award of
3    statutory damages of no less than $150,000, the maximum enhanced damages available under the
     Copyright Act, 17 U.S.C. § 504(c)(1), as well as additional awards under the Lanham Act, 15
4    U.S.C. § 1051, *et seq*., at the Court's discretion. Plaintiff also requested permanent injunctive
5    relief to prevent further infringements under the Copyright and Lanham Acts, as well as the
     delivery of all PHSI games in Defendants' possession, custody, or control to Little Genie "for
6    destruction," pursuant to 15 U.S.C. § 1116(d)(1)(A) of the Lanham Act. Under 15 U.S.C. §
7    1117(a) of the Lanham Act. Plaintiff further requested attorney's fees based on PHSI's alleged
8    willful infringement and default in the amount of $30,000 for 106 hours of work completed by
     counsel Jason Rhodes and associates. *See* Dkt. # 21. On September 9, 2013, the Court issued an
9    Order setting an evidentiary hearing on Plaintiff's Motion upon finding that Plaintiff had failed
10   (1) to offer evidence sufficient to support the requested statutory damages, (2) to submit
11   evidence as to actual damages, and (3) to present evidence to substantiate the amount and
     reasonableness of its requested $30,000 in attorney's fees. Dkt. # 22.
12
             Upon Plaintiff's request, the Court continued the evidentiary hearing on successive
13   occasions, first to accommodate Plaintiff's discovery needs and subsequently to accommodate
14   the severe health impairment suffered by Plaintiff's former counsel, Jason Rhodes. *See, e.g.*, Dkt.
     # 27. Mr. Rhodes was ultimately replaced, with permission of the Court, by current counsel John
15   Ray Nelson, who represented Little Genie at the evidentiary hearing, held on May 13, 2014. *See*
16   Dkt. # 28. Through the evidentiary hearing and its Supplemental Memorandum in Support of
17   Damages and Request for Relief, Plaintiff modified its damages request to seek an award of
     actual, rather than statutory, damages pursuant to 17 U.S.C. § 504(b). *See* Dkt. # 29. Plaintiff
18   further requested an additional award of attorney's fees under the Lanham Act, 15 U.S.C. §
19   1117(a), in the amount of $7,281 for 18.20 hours of work completed by counsel John Ray
20   Nelson. *See* Dkt. #21, Ex. 3; Dkt. # 29. Plaintiff provided evidence at the hearing to support its
     claim for actual damages, composed of lost copyright development costs, past lost profits, and
21   future lost profits, as well as evidence to support its attorney's fees request. At the close of the
22   evidentiary hearing, the Court requested additional briefing by Little Genie regarding its
23   authority to award actual damages prior to the time of copyright registration, which Little Genie
     has provided. *See* Dkt. # 29.
24

1

2

**Discussion**

3

**a) Legal Standards for Default Judgment**

4      The Federal Rules of Civil Procedure authorize the district court to enter default

5   judgment against a party that has failed to plead or defend after entry of that party's default by

the clerk. Fed. R. Civ. P. 55(b). The entry of default judgment is left to the sound discretion of

6   the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether

7   to enter default judgment, the court considers seven factors (the "Eitel Factors"), which include:

(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's claims, (3) the

8   sufficiency of the complaint, (4) the sum of money at stake, (5) the possibility of a dispute

9   concerning material facts; (6) whether the default was due to excusable neglect, and (7) the

10   strong policy under the Federal Rules favoring decision on the merits. *Eitel v. McCool*, 782 F.2d

11   1470, 1471-72 (9th Cir. 1986).

      At the default judgment stage, well-pleaded factual allegations are considered admitted

12   and are sufficient to establish a defendant's liability, but allegations regarding the amount of

13   damages must be proven. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977);

14   *Microsoft Corp. v. Lopez*, 2009 WL 959219 (W.D. Wash. 2009). Unless the plaintiff's claim is

for a "sum certain," the party "must apply to the court for default judgment." Fed. R. Civ. P.

15   55(b)(2). The plaintiff must support the motion with a declaration and other evidence

16   establishing entitlement to the relief sought. LCR 55(b)(2)(A). The court must ensure that the

17   amount of damages is reasonable and demonstrated by the evidence. *See* Fed. R. CIv. P. 55(b);

*Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412 (W.D. Wash. 2014).  In doing so,

18   the court may conduct such hearings as it deems necessary in order to determine the amount of

19   damages or establish the truth of any allegation by evidence. Fed. R. Civ. P. 55(b)(2); LCR

20   55(b)(4). A default judgment must not differ in kind from, or exceed in amount, what is

demanded in the pleadings. Fed. R. Civ. P. 54(c). In addition, a plaintiff seeking attorney's fees

21   must state the basis of the award and include a declaration from counsel establishing the

22   reasonable amount of fees, including hourly rate, hours worked, and tasks performed. LCR

23   55(b)(2)(C).

24

ORDER GRANTING DEFAULT JUDGMENT - 4

**b) Liability**

Entry of default judgment is warranted in this case and supported by application of the *Eitel* factors. As to the first factor, "prejudice" for purposes of default judgment exists where the plaintiff has no "recourse for recovery" other than default judgment. *Microsoft Corp. v.* Lopez, 2009 WL 959219, at *2 (W.D. Wash. 2009); *Getty Images*, 2014 WL 358412, at *2. Accepting Plaintiff's well-pleaded factual allegations as true, Little Genie is likely to suffer prejudice if default judgment is not entered because Little Genie would be without other recourse for recovery. Plaintiff's cease and desist letters have had no effect, and absent default judgment, Little Genie would be forced to wait, perhaps indefinitely, for PHSI to participate in this litigation. In the meantime, Little Genie attests that it will continue to suffer irreparable harm by PHSI's infringing activities, including through loss of goodwill and reputation and through confusion of its customers. *See* Compl.

To satisfy the second and third *Eitel* factors – the merits of the plaintiff's claims and the sufficiency of its complaint – the plaintiff must state a claim for relief on which it may recover. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). In assessing the sufficiency of plaintiff's claims, the court looks to the liberal pleadings standards embodied in Federal Rule of Civil Procedure 8, according to which "a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Id.* at 1388-89 (quoting 2A Moore's Federal Practice P. 12.08 at 2271-74 (2d ed. 1975)).

Here, Little Genie has adequately pled its substantive claims for copyright infringement. A prima facie case of copyright infringement requires (1) ownership of a valid copyright and (2) a violation of at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. *See A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). As the exclusive owner of the copyright to Passion Throw, Little Genie is entitled to institute an action for infringement of that right. *See* 17 U.S.C. § 501(b). Little Genie has alleged through plausible facts in its complaint that PHSI violated the Copyright Act by knowingly reproducing, marketing, and distributing works that were identical to and derivative of Passion Throw. Compl. ¶ 15.

ORDER GRANTING DEFAULT JUDGMENT - 5

1    Little Genie has also adequately pled its claim of unfair competition in violation of the

2    Lanham Act, 15 U.S.C. § 1125(a). Section 43(a) of the Lanham Act prohibits using in commerce

     in connection with goods or services

3
         "any word, term, name, symbol or device, or any combination thereof, or any false
4        designation of origin, false or misleading description of fact, or false or misleading
         representation of fact, which…(a) is likely to cause confusion, or to cause mistake, or to
5        deceive as to the affiliation, connection, or association of such person with another person, or
         as to the origin, sponsorship, or approval of his or her goods, service, or commercial
6        activities by another person, or (b) in commercial advertising or promotion, misrepresents the
         nature, characteristics, qualities, or geographic origin of his or her or another person's goods,
7        services, or commercial activities

8    To prevail on an unfair competition claim in violation of section 43(a) of the Lanham Act, a

     plaintiff must show that it has a valid, enforceable mark entitled to protection under the Act, and

9    that the defendant's use of the mark creates a likelihood of confusion. *Brookfield Commc'ns, Inc.*

10   *v. West Coast Entm't Corp.,* 174 F.3d 1036, 1046 (9th Cir. 1999); 15 U.S.C. § 1125(a)(1). Where

     no trademark has been registered, the plaintiff bears the burden of proof as to the validity and
11
     protection of the unregistered marks. *Yellow cab of Sacramento v. Yellow Cab of Elk Grove, Inc.*,
12
     419 F.3d 925, 927 (9th Cir. 2005). "[T]he standard test of ownership is priority of use." *Sengoku*

13   *Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996). In other words, "the party

     claiming ownership must have been the first to actually use the mark in the sale of goods or
14
     services." *Id.*

15
         In the instant case, the factual allegations in Little Genie's complaint establish that it has

16   valid and protectable rights in Marks associated with the Little Genie game, which it acquired

17   through putting these Marks to the first commercial use in 2001. *See* Compl., ¶¶ 8, 23. It has

     further sufficiently pled that PHSI used these Marks through sale of virtually identical Heart 2
18
     Heart and Playground games to the same suppliers in a way that was likely to and has caused

19   confusion to customers as to the ownership, sponsorship, and approval of the games. *Id.* at ¶¶ 25,

20   26, 28, 29. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199 (9th Cir. 2000) (providing an

     eight-factor test for analyzing the likelihood of confusion, including (1) the similarity of the
21
     marks, (2) the relatedness of the two companies' services, and (3) the marketing channels used.).

22   During the evidentiary hearing and with the instant Motion, Little Genie substantiated its

23   allegations with evidence of its use of the Marks in interstate commerce, and of PHSI's

     infringement through use in commerce of nearly identical replicas. *See, e.g.*, Hearing Exs. 1, 4,
24
     ORDER GRANTING DEFAULT JUDGMENT - 6

1    8; Dkt. # 21, Ex. B. Furthermore, as PHSI has admitted these allegations through default, the

2    Court takes them as true and finds that Little Genie has adequately pled its Lanham Act claim.

3    As to the fourth *Eitel* factor -  the sum of money at stake - the court considers the amount
of money requested in relation to the seriousness of the defendant's conduct.  *Getty* Images, 2014

4    WL 358412 at * 4. Here, Little Genie has requested an award of actual damages in the amount of

5    $104,269. While a substantial request, the Court restricts its award for the reasons stated below
to past lost profits and development costs, and it finds that the resulting sum of $53,169 favors

6    granting default judgment. Such a request is supported by the severe harm that PHSI has caused

7    to Little Genie, suppressing entirely its sales of Passion Throw from 2009. *See* Hearing Ex. 4.

8    As to the remaining *Eitel* factors, the Court finds that it is unlikely that a dispute
concerning material facts would arise and that there is no indication that entry of default

9    judgment is due to excusable neglect. When default is entered, there is no longer the possibility

10   of a dispute concerning material facts because the court must take the plaintiff's factual

11   allegations as true. *See Getty* Images, 2014 WL 358412 at * 4; *Microsoft*, 2009 WL 959219 at
*3. Further, PHSI has failed to participate in any way in this action since Little Genie filed its

12   complaint in March 2012. There is no indication that PHSI was unaware of Little Genie's

13   motions for entry of default or for default judgment, and no indication that PHSI's failure to
respond has been due to mistake or inadvertence.

14
The seventh factor, which considers whether default judgment is appropriate in light of

15   the policy favoring decisions on the merits, "almost always disfavors the entry of default

16   judgment" but is not dispositive. *Vawter v. Quality Loan Serv. Corp. of Wash.*, 2011 WL

17   1584424, at +6 (W.D. Wash. 2011); *Getty Images*, 2014 WL 358412 at * 5. While this factor
thus weighs against default judgment, it does not alter the Court's conclusion that default

18   judgment is warranted in light of the overwhelming support that the other six factors provide.

19

20   **c) Damages**

21   Little Genie has amended its damages request from one for maximum statutory damages
to an award of $104,269 in actual damages for PHSI's infringement of its copyright in Passion

22

23

24
ORDER GRANTING DEFAULT JUDGMENT  - 7

1  Throw under 17 U.S.C. § 504(b).[1] The Copyright Act allows a plaintiff to elect to recover either

2  actual or statutory damages. 17 US.C. §§ 504(a)-(c). The plaintiff's choice of recovery is

3  nonetheless limited by 17 U.S.C. § 412(2), which provides that statutory damages are only

   available where the copyrighted work was registered prior to commencement of the

4  infringement, unless the registration is made within three months after the first publication of the

5  work. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). As

   PHSI's infringing activities commenced prior to Little Genie's 2011 registration of its copyright

6  to Passion Throw, statutory damages are unavailable, and Little Genie has properly elected to

7  pursue actual damages under 17 U.S.C. § 504(b). *See* Dkt. # 29.

8          An award of damages under 17 U.S.C. § 504(b) has two components, consisting of "the

   actual damages suffered by [the copyright owner] as a result of the infringement, and any profits

9  of the infringer that are attributable to the infringement and are not taken into account in

10 computing the actual damages." 17 U.S.C. § 504(b); *Polar Bear Prods., Inc. v. Timex Corp.*, 384

11 F.3d 700, 707-08 (9th Cir. 2004) (explaining that these two monetary "remedies are two sides of

   the damages coin – the copyright holder's losses and the infringer's gains.").  With respect to the

12 first of these components, the measure of recovery is "usually determined by the loss in the fair

13 market value of the copyright, measured by the profits lost due to the infringement or by the

   value of the use of the copyrighted material to the infringer." *Id.* at 708 (internal quotation

14 omitted); *see also Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1118

15 (2d Cir. 1986). Lost profits can be either direct or indirect, i.e. "revenue that has a more

16 attenuated nexus to the infringement." *Polar Bear Prods.*, 384 F.3d at 710 (quoting *Mackie v.

17 Reiser*, 296. F.3d 909, 914 (9th Cir. 2002)). A plaintiff seeking an award under § 504(b) must

   establish a causal link between the infringement and the monetary remedy sought. *Id.* at 708. A

18 court will deny recovery where "an infringer's profits are only remotely or speculatively

19 attributable to infringement." *Id.* at 711

20         Little Genie premises its damages claim entirely on evidence of its own losses and has

   not moved for disgorgement of additional unmerited gains by PHSI. In its request for actual

21 damages, Little Genie seeks an award of $10,000 in lost copyright development costs, $43,169 in

22

---

23 [1] Although an award of damages under both the Copyright Act and Lanham Act may be available, *see Nintendo of
   America, Inc. v. Dragon Pacific Intern.*, 40 F.3d 1007, 1011 (9th Cir. 1994), Plaintiff has neither stated the basis nor
   provided evidentiary support for a damages award under the Lanham Act, 15 U.S.C. § 1117. Accordingly, the Court

24 declines to award any additional damages under the Lanham Act.

ORDER GRANTING DEFAULT JUDGMENT  - 8

1  past lost profits due to the infringement, and $51,100 in future lost profits. Little Genie has

2  submitted evidence sufficient to prove that its sales of Passion Throw ceased entirely from late

3  2009 as a result of the infringement. *See* Hearing Ex. 4. As its copyright in Passion Throw has

   thereby lost its entire fair market value, the Court finds that an award of the $10,000 in product

4  development costs is appropriate to compensate Little Genie for losses. In support of its request

5  for past lost profits, Little Genie has provided evidence of its average annual sales of Passion

   Throw units prior to infringement. *See* Hearing Ex. 1. Little Genie estimates that for each year

6  between 2009 and 2014, but for PHSI's infringement, it would have sold approximately half this

7  number of units, accounting for the estimated drop in sales attributable to the recession, as

   garnered from the impact on sales of Little Genie's similar products. *See* Hearing Exs. 1-4.

8  Multiplying the expected per game profit of $5.11 by expected annual sales for 2009 through

9  2014, Little Genie estimates that it has sustained $43,169 in past lost profits. The Court finds this

10 amount to be supported by the evidence and appropriate compensation for PHSI's infringement.

11         By contrast, the Court finds Little Genie's request for future lost profits to be overly

   speculative and insufficiently unsupported by the evidence. Little Genie requests an award of

12 $5,110 per year for ten years into the future. Actual damages do not ordinarily include future

13 losses. *See Cotter v. Christus Gardens, Inc.*, 238 F.3d 420, *3 (6th Cir. 2000). In those rare cases

14 in which courts have awarded future losses, they have required specific evidence to support the

   causal nexus between the infringing activities and future losses, including clear evidence of lost

15 customers or contracts and expected diminution in value of the copyright. *See, e.g.*, *Mary Ellen

16 Enters. v. Camex, Inc.*, 68 F.3d 1065, 1070 (8th Cir. 1995). Otherwise, courts will reject a

17 request for future losses as speculative. *See Cohen v. U.S.* , 100 Fed Cl. 461, 483 (2011)

   (refusing to award future losses where plaintiff simply relied on deposition testimony stating that

18 damages would be ongoing even after defendant removed the allegedly infringing material);

19 *Cotter v. Christus Gardens, Inc.*, 2000 WL 1871698, at **3-4 (5th Cir. 2000) (finding that

20 plaintiff was not entitled to future losses because he did not show a legal entitlement to any

   future contracts for his copyrighted work); *Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467, 471

21 (2d Cir. 1985) (deeming future losses "too speculative" where plaintiffs failed to "make any

22 effort to assess the marketability of their copyright" following the period of infringement);

23 *Baldwin Cooke Co. v. Keith Clark, Inc.*, 420 F.Supp. 404, 408 (N.D. Il. 1976) (finding an award

   of future losses overly speculative). Here, Little Genie merely asserts that its product would have

24

ORDER GRANTING DEFAULT JUDGMENT - 9

1    remained in distributors' catalogues and in the market for years into the future but for PHSI's

2    infringement, without providing any evidence of Passion Throw's future marketability. To the

3    contrary, Little Genie's president himself testified that the expected life of a product like Passion

     Throw would be 7 to 10 years. As Passion Throw went to market in 2004, this testimony directly

4    undercuts any expectation of sales beyond 2014. Moreover, Little Genie has failed to provide

5    any specific evidence of expected lost contracts or customers in the future, and derives out of

     whole cloth its estimate of 1,000 sales of Passion Throw for each of the next ten years, despite

6    the admitted diminishing popularity of the game over time. Accordingly, the Court declines to

7    award Little Genie's request for lost future profits.

8          Little Genie further requests an award of prejudgment interest on the judgment at the

     federal rate. *See* Dkt. # 29, p. 3. The Ninth Circuit has determined that prejudgment interest is

9    available under § 504(b) of the Copyright Act in order "to discourage needless delay and

10   compensate the copyright holder for the time it is deprived of lost profits or license fees." *Polar*

     *Bear Prods.*, 384 F.3d at 718. Prejudgment is "uniquely tailored" to compensate the copyright

11   holder for "harm caused by delay in making reparations." *Id.* It "serves to compensate for the

12   loss of use of money due as damages from the time the claim accrues until judgment is entered,

13   thereby achieving full compensation for the injury those damages are intended to redress." *West*

14   *Virginia v. United States*, 479 U.S. 305, 310 n. 2 (1987). The accrual of a cause of action occurs

     when "each of its component elements has come into being as a matter of objective reality, such

15   that an attorney with knowledge of all the facts could get it past a motion to dismiss for failure to

16   state a claim." *William A. Graham v. Haughey*, 646 F.3d 138, 150 (3d Cir. 2011). An appropriate

17   accrual date may thus be the date where the infringement began. *Id.*; *see also TMTV, Corp. v.*

     *Mass Productions, Inc.*, 645 F.3d 464, 474 (1st Cir. 2011) ("Prejudgment interest dating from the

18   infringements compensated the plaintiff for the time value of monies it should have had—just as

19   if a contract debt had not been paid on time.").

20         The Court finds that Little Genie is entitled to prejudgment interest on its damages award

     at the statutory rate provided by 28 U.S.C. § 1961. However, Little Genie has failed to plead or

21   provide evidence substantiating the date on which its claim accrued. The Court consequently

22   defers an award of prejudgment interest and instructs Little Genie to file a motion setting out the

     reasonable accrual date for its claim if it wishes to pursue this award.

23

24

ORDER GRANTING DEFAULT JUDGMENT  -  10

**d) Injunctive Relief**

Little Genie further requests a permanent injunction prohibiting Defendant PHSI from any further manufacture, sale, or distribution of the infringing romance games "Playground" or "Heart 2 Heart" and directing PHSI to deliver all such games and marketing materials for destruction. The Copyright Act authorizes a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'" *Winberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quoting *Cavanugh v. Looney*, 248 U.S. 453, 456 (1919)). The Court applies the traditional four-factor test for granting a permanent injunction under the Copyright Act. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The plaintiff must accordingly demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.*; *see also Getty Images,* 2014 WL 358412, at *8.

The Court finds that the four-factor test supports granting permanent injunctive relief and that Little Genie's proposed permanent injunction is narrowly tailored to prevent continued infringement of its copyright. As to the first factor, irreparable harm may be shown through evidence of the loss of prospective customers, goodwill, or reputation. *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001); *Getty Images*, 2014 WL 358412 at *8. Little Genie has suffered irreparable harm in this case through the loss of all of its customers for Passion Throw since 2009 as a consequence of PHSI's infringement, and through the loss of its reputation and goodwill. *See Compl.* at ¶ 29. For the second factor, the plaintiff must show that "remedies available at law, such as monetary damages, are inadequate to compensate for the injury." *eBay*, 547 U.S. at 391. Little Genie has sufficiently demonstrated that monetary damages are inadequate to compensate for PHSI's infringement. PHSI's failure to cease and desist in response to Little Genie's multiple letters and its failure to defend in this case suggests that it is likely that PHSI will continue infringing in the future if injunctive relief does not issue. As to the third factor, the balance of hardships clearly favors Little Genie, which stands to lose the entire fair market value of its copyright as a consequence of PHSI's illegitimate

ORDER GRANTING DEFAULT JUDGMENT - 11

infringement. PHSI President James Horne informed counsel for Little Genie via facsimile on December 11, 2012 that "all sales and marketing stopped in 2010" and that "there is [*sic*] no more stock or sales materials." *See* Hearing Ex. 18. However, subpoenaed records from the distributor Entrenue show sales of Playground and Heart 2 Heart games continuing through February 23, 2012. *See* Hearing Ex. 8. Nonetheless, should PHSI have in fact discontinued its infringing sales and terminated its stock of infringing games, the injunction will be entirely without burden to PHSI. Finally, injunctive relief serves the public interest by protecting the rights of copyright holders against infringement and securing the integrity of Little Genie's registered copyright. *See Perfect 10 v. Amazon.com, Inc.*, 487 F.3d 701 (9th Cir. 2001).

As to the scope of the Little Genie's proposed injunction, the Court finds that it is narrowly tailored to prevent PHSI from continuing to infringe Little Genie's copyright in Passion Throw through the sale or distribution of the infringing romance board games that are the subject of this action. The Court further finds that it is appropriate to order PHSI to deliver all remaining copies of the infringing games for destruction to the Sheriff in the county in which PHSI is situated. Such relief is authorized by 17 U.S.C. § 503(b).

**e) Attorneys' Fees**

Little Genie further seeks an award of attorney's fees on its claim for unfair competition and false designation of origin under the Lanham Act. Pursuant to 15 U.S.C. § 1117(a)(3), the court may award attorney's fees to the prevailing party in an action for trademark infringement "in exceptional cases." An exceptional case exists "where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." *Derek Andrew*, 529 F.3d at 702 (quoting *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002)). Upon default judgment, the Court takes as true all factual allegations in the complaint, including those for willful infringement of trademarks. *Id.* As Little Genie has pled willful infringement in its complaint, PHSI's default establishes its entitlement to attorney's fees for its claim brought under the Lanham Act. *See* Compl. at ¶ 27. However, the Court must exclude from any calculation of attorney's fees those related to Little Genie's Copyright Act claim, as Little Genie's failure to timely register its copyright precludes it from recovering attorney's fees under the Copyright Act. *See* 17 U.S.C. § 412; *Derek Andrew*, 529 F.3d at 701-02.

1    The Court first considers the request for attorney's fees by former counsel Jason Rhodes

2   for work performed by the JMR Law Group. Mr. Rhodes requests an award of $30,000 in

3   attorney's fees for 70 hours spent preparing for and working on the case: 36 hours at $400/hour

    by Rhodes, 34 hours at $300/hour by co-counsel, and 36 hours at $150/hour by a paralegal. *See*

4   Dkt. # 21-3. In its prior Order setting an evidentiary hearing (Dkt. # 22), the Court determined

5   that Mr. Rhodes had failed to provide the requisite evidence to support his request, including

    through documentation of tasks performed to allow the Court to assess its reasonableness. *See*

6   LCR 55(b)(2)(C). At the evidentiary hearing, Mr. Nelson provided evidence of certain tasks

7   performed by Mr. Rhodes, specifically several subpoenas prepared by him in order to elicit

    information on the sales of the infringing PHSI games by suppliers. *See* Hearing Exs. 7-17. As

8   the evidence garnered through these subpoenas was used to simultaneously establish PHSI's

9   liability under both the Lanham Act and Copyright Act, the Court finds that an award of

10  attorney's fees incurred in preparing them is available under 15 U.S.C. § 1117(a)(3).

11    Nonetheless, the Court is unable to determine how many of the stated hours Mr. Rhodes

    spent preparing these subpoenas and must abide by its mandate to separate out hours spent

12  preparing Little Genie's principal claim for damages under the Copyright Act. The Court in its

13  discretion finds 18 hours, or one-half of the total hours spent by Mr. Rhodes, to have been a

14  reasonable amount of time devoted by Mr. Rhodes to prepare Little Genie's Lanham Act claim.

    The Court accordingly awards attorney's fees in the amount of $7,200 for the 18 hours spent by

15  Mr. Rhodes at the reasonable rate of $400/hour, which the Court finds to be a reasonable

16  expenditure incurred in preparation of Little Genie's Lanham Act claim. The Court declines to

17  award Mr. Rhodes' request for fees for the 34 hours of work by co-counsel and 36 hours of work

    by a paralegal, as counsel has failed to provide documentation, either through declaration or at

18  the evidentiary hearing, of tasks performed by these individuals to enable the Court to assess the

19  reasonableness of the requested award. Without this documentation, the Court is also unable to

20  perform the requisite assessment as to whether these hours were spent preparing Little Genie's

    Lanham Act claim or its damages request under the Copyright Act.

21    Little Genie further requests an award of $7,281 for the 18.20 hours incurred at

22  $420/hour by current counsel John R. Nelson to support Little Genie's damages request and

23  attorney's fees award.  Mr. Nelson has provided documentation of tasks performed as required

    by LCR 55(b)(2)(C). *See* Dkt. # 30, Ex. A. Several of the hours incurred by Mr. Nelson were

24  ORDER GRANTING DEFAULT JUDGMENT - 13

1  spent preparing for the withdrawal and substitution of counsel and to continue the evidentiary

2  hearing, tasks that were clearly unrelated to Little Genie's Lanham Act claim and which must

3  therefore be excluded from an award under 17 U.S.C. § 412(2). Counsel also requests fees for

   16.8 hours spent reviewing pleading and materials to prepare for the evidentiary hearing,

4  presenting at the hearing itself, and responding to the Court's inquiry regarding damages

5  entitlement. About half of this time appears to have been incurred preparing for Little Genie's

   request for damages under the Copyright Act and is therefore unavailable under 17 U.S.C. § 412.

6  The Court finds that approximately one half of counsel's time was spent preparing for the

7  attorney's fees requests and for Little Genie's Lanham Act claim. The Court accordingly awards

8  attorney's fees in the amount of $3,528 for 8.4 hours of work performed by Mr. Nelson, which it

   finds to be reasonably related to Little Genie's Lanham Act claim. The Court therefore finds that

9  Little Genie is entitled to a total of $10,728 in attorney's fees.

10

11                                     **Conclusion**

          For the reasons stated herein, the Court GRANTS in part Little Genie's Motion for

12  Default Judgment (Dkt. # 21). The Court awards Little Genie actual damages for copyright

13  infringement under 17 U.S.C. § 504(b) in the amount of $53,169. The Court further awards Little

14  Genie attorney's fees in the amount of $10,728, which it finds to be reasonably related to Little

    Genie's Lanham Act claim and allowed under 15 U.S.C. § 1117(a)(3) and 17 U.S.C. § 412. The

15  Court instructs Little Genie to file a motion for prejudgment interest stating and substantiating

16  the date of accrual of Little Genie's copyright claim should it wish to pursue an award of

17  prejudgment interest at the statutory rate on its damages award.

          The Court additionally enters the following permanent injunction enjoining PHSI from

18  engaging in further infringing conduct.

19

20                               **Permanent Injunction**

          The Court permanently ENJOINS PHSI, Inc. from any further manufacture, sale or

21  distribution of the infringing romance games "Playground" or "Heart 2 Heart," or any other

22  game deceptively similar to Little Genie's Passion Throw Games, and further directs PHSI Inc.

23  to deliver to the Sheriff of Maricopa County, Arizona, all such games and marketing materials

    for destruction.

24
    ORDER GRANTING DEFAULT JUDGMENT  -  14

1

**Order to Show Cause**

2

       The Court further ORDERS Plaintiff to show cause within <u>ten (10) days</u> of the entry of

3

this Order why this action should not be dismissed without prejudice against Defendants James

H. Horne and Jane Doe Horne for failure to serve summons within the 120 day period provided

4

by Federal Rule of Civil Procedure 4(m).

5

       DATED this 2 day of July 2014.

6

7

8

           RICARDO S. MARTINEZ
           UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFAULT JUDGMENT - 15